United States District Court
Southern District of New York
---------------------------------------------------------X

UNIT 3B 11 BEACH LLC

               Plaintiff,

    -  against –

HFZ 11 BEACH STREET LLC
ZIEL FELDMAN, HELENE FELDMAN
ADAM FELDMAN,
ADAM FELDMAN AS TRUSTEE OF THE
FELDMAN FAMILY 2007 TRUST
H F Z CAPITAL GROUP LLC

               Defendants.
---------------------------------------------------------X

**DOCKET NO.**

**ECF CASE**

Plaintiff, complaining of the Defendants by their attorneys, ROSEN LAW LLC, respectfully alleges as follows:

## <u>NATURE OF THE ACTION</u>

1.     Plaintiff is the owner of a condominium unit known as and located at Unit 3B, 11 Beach Street, New York, New York, also known as Block 212, Lot 1407 on the Tax Map of the City of New York, County of New York (the "Condominium Unit").

2.     An affiliate of Plaintiff was the general contractor of the building located at 11 Beach Street, New York, New York.

3.     On November 20, 2020, Defendant HFZ 11 Beach Street LLC conveyed title to the Condominium Unit to Plaintiff for the consideration of approximately $3,164,325.00 through a real estate closing (the "Closing").

1

4.      The deed conveying title to the Condominium Unit to Plaintiff was dated November 20, 2020 and recorded in the office of the New York City Register on November 25, 2020 in CRFN No. 2020000332838 (the "Deed").

5.      Plaintiff paid the sum of $33,705.99 to the New York City Register as and for New York City Real Property Transfer Tax for the purchase of the Condominium Unit.

6.      Plaintiff paid the sum of $39,028.66 to the New York City Register as and for New York State Real Estate Transfer Tax for the purchase of the Condominium Unit.

7.      The law firm of Holland & Knight LLP represented Defendant HFZ 11 Beach Street LLC in preparing the closing documents, including upon information and belief, the deed and transfer tax documents for the conveyance of the Condominium Unit from Defendant HFZ 11 Beach Street LLC to Plaintiff.

8.      Subsequent to the Closing, on or about December 21, 2020, Plaintiff discovered that David Kim filed a notice of pendency against the Condominium Unit, claiming that he, David Kim had a right to purchase the Condominium Unit from Defendant HFZ 11 Beach Street LLC.

9.      Plaintiff had no knowledge of David Kim having any rights or agreements to purchase the Condominium Unit or of David Kim having paid any monies for the purchase of the Condominium Unit.

10.     Due to the malfeasance of both David Kim and Defendants, Plaintiff's use and enjoyment to the Condominium Unit is adversely affected by the filing of a notice of pendency against the Condominium Unit.

11.     The Deed to the Condominium Unit was signed by Defendant Ziel Feldman as authorized representative of Defendant HFZ 11 Beach Street LLC.

12.     Defendant Ziel Feldman's signature on the Deed was notarized by Saul Ritter, a notary public in the State of New York.

13.     Upon information and belief, Defendant Ziel Feldman knew that he signed Deed and that he signed transfer documents and transfer tax returns for the Condominium Unit.

14.     David Kim alleges in his complaint filed in the Supreme Court of the State of New York, County of New York under Index No. 657153/2020 that Defendant HFZ 11 Beach Street LLC was under a contractual obligations to sell Unit 3B to Plaintiff (the "Kim Action").

15.     Plaintiff was a bona fide purchaser of the Condominium Unit.

16.     Upon information and belief, David Kim never paid any monies to Defendant HFZ 11 Beach Street LLC and/or to Holland & Knight LLP as escrow agent for Defendant HFZ 11 Beach Street LLC as the sponsor of the 11 Beach Street Condominium.

17.     While it appears that David Kim had and has no right to acquire the Condominium Unit, Defendant HFZ 11 Beach Street LLC and Defendant Ziel Feldman never disclosed to Plaintiff or to Plaintiff's title insurer that:

a.     On or about March 26, 2013, David Kim and Defendant HFZ Capital Group LLC allegedly signed an agreement wherein David Kim provided a $500,000 loan to Defendant HFZ Capital Group LLC;

b.      On or about August 12, 2013, David Kim and Defendant HFZ Capital Group LLC allegedly signed an agreement wherein David Kim provided a $500,000 loan to Defendant HFZ Capital Group LLC;

c.      On or about December 28, 2012, David Kim and Defendant HFZ Capital Group LLC allegedly signed an agreement wherein David Kim provided a $525,000 loan to Defendant HFZ Capital Group LLC;

d.      In or about January 2016, David Kim and Defendant HFZ Capital Group LLC allegedly signed an agreement wherein David Kim provided an "additional advance" in the amount of $1,213,760 to Defendant HFZ Capital Group LLC, which upon information and belief was a loan made by David Kim and Defendant HFZ Capital Group LLC **(Exhibit "1")**; and that

e.      Defendant HFZ Capital Group LLC "caused HFZ 11 Beach Street LLC… indirectly controlled by HFZ [11 Beach Street LLC] to enter into a contract with" David Kim "for the purchase of" the Condominium Unit.

18.      Upon information and belief, David Kim provided loans to Defendant HFZ Capital Group LLC in the amount of $2,738,760 between December 28, 2012 and January 31, 2016.

19.      Upon information and belief, Defendant HFZ 11 Beach Street LLC never had a valid or binding contract with David Kim, however, Defendants had a duty to advise Plaintiff whether or not there was a valid contract for the sale of the Condominium Unit to David Kim.

20.      As a result of Defendant H F Z Capital Group LLC's execution of the various agreements with David Kim, upon information and belief, David Kim believed

that he had a right to acquire the Condominium Unit, even if David Kim had and has no legal right to acquire the Condominium Unit.

21.     By Defendants' actions, David Kim filed a notice of pendency against the Condominium Unit and lawsuit against Plaintiff.

22.     As a result of Defendants' actions, and the filing of the notice of pendency by David Kim, Plaintiff is unable to obtain mortgage financing on the Condominium Unit and is unable to sell the Condominium Unit.

23.     Plaintiff is incurring thousands of dollars in carrying costs for the Condominium Unit in addition to legal fees as a result of David Kim's filing of the notice of pendency against the Condominium Unit.

24.     Between the filing of the Kim Action on December 21, 2020, and the present date, Defendants have not responded to the complaint in the Kim Action, and have done nothing to cause the removal of the notice of pendency against the Condominium Unit.

25.     It is believed that Defendant H F Z Capital Group LLC engaged in a scheme to borrow tens of millions of dollars, believed to exceed $250 million dollars, from individuals and entities, which upon information and belief, Defendant H F Z Capital Group LLC and Defendant Ziel Feldman used as equity investments in various projects including projects known as the Chatsworth Property located at 340-344 West 72nd Street, New York, New York, 11 Beach Street, New York, New York, the Westbrook Property portfolio, without disclosing to lenders that their equity contributions were from borrowed funds.

26.     Upon information and belief, David Kim attempted to have Defendant H F Z Capital Group LLC pay monies to Defendant HFZ 11 Beach Street LLC, the Sponsor of the 11 Beach Street Condominium (the "Condominium"), in which the Condominium Unit is located, and/or to Holland & Knight LLP, the escrow agent for the Condominium.

27.     Upon information and belief, Defendant H F Z Capital Group LLC never paid any monies to Defendant HFZ 11 Beach Street LLC, the Sponsor of the Condominium or to Holland & Knight LLP, the escrow agent for the Condominium to permit David Kim to acquire the Condominium Unit.

28.     On or about September 7 2016, David Kim and Defendant HFZ Capital Group LLC allegedly signed an agreement wherein Defendant HFZ Capital Group LLC agreed to pay the first installment and second installment of monies totaling approximately $580,000 to Defendant HFZ 11 Beach Street LLC, which payments were never made by Defendant HFZ Capital Group LLC to Defendant HFZ 11 Beach Street LLC  (**Exhibit "2"**).

29.     Upon information and belief, Defendant HFZ 11 Beach Street LLC never agreed to a binding contract with David Kim for the Condominium Unit, having never received any down payment of any kind from any person or entity for the Condominium Unit.

30.     Upon information and belief, on or about September 19, 2016, Defendant Ziel Feldman executed an agreement, purported by David Kim to be a purchase agreement for the Condominium Unit, although no down payment of any kind from any person or entity for the Condominium Unit **(Exhibit "3")**.

31.     Upon information and belief, Defendant Ziel Feldman, Defendant Helene Feldman, and Defendant Feldman Family 2007 Trust are the members of Defendant H F Z Capital Group LLC.

32.     Upon information and belief, Defendant Adam Feldman is a trustee of Defendant Feldman Family 2007 Trust.

33.     This is an action (a) for violation of the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"); and (b) fraud, (c) fraudulent inducement, (d) breach of contract, and (e) for various common-law and statutory causes of action based on defendants' frauds. Plaintiff brings this action against defendants for compensatory and punitive damages arising from their fraudulent schemes which caused injuries to Plaintiff, which included Defendant H F Z Capital Group LLC borrowing monies from individuals and entities and giving promise through options and/or contracts to lenders, allowing the lenders to purchase condominium units in various condominium developments in New York City.

34.     Upon information and belief, Defendant Ziel Feldman, Defendant Helene Feldman, Defendant Adam Feldman and Defendant H F Z Capital Group LLC engaged in a pattern of racketeering activity over the course of years between approximately 2013 to 2021.

## JURISDICTION AND VENUE

35.     The Court has subject matter jurisdiction over Plaintiff's claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO") statute pursuant to 18 U.S.C. § 1962, 18 U.S.C. § 1964(a) and 28 U.S.C. § 1331 over remaining claims pursuant to 28 U.S.C. §§ 1367(a).

**36.**    Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of New York.

## THE PARTIES

37.    At all times hereinafter mentioned and at the time of the commencement of this action, Plaintiff was and is a New York limited liability company, with all of its members being citizens of the State of New York.

38.    Defendant ZIEL FELDMAN is an individual with his principal place of business within the State of New York located at c/o H F Z Capital Group, 600 Madison Avenue, 15th Floor, New York, New York 10022.

39.    Defendant HELENE FELDMAN is an individual with his principal place of business within the State of New York located at c/o H F Z Capital Group, 600 Madison Avenue, 15th Floor, New York, New York 10022.

40.    Defendant ADAM FELDMAN is an individual with his principal place of business within the State of New York located at c/o H F Z Capital Group, 600 Madison Avenue, 15th Floor, New York, New York 10022.

41.    Defendant H F Z Capital Group LLC is a limited liability company, organized on March 5, 1998, and existing under and by virtue of the laws of the State of New York with its principal place of business within the State of New York located at c/o H F Z Capital Group, LLC, 600 Madison Avenue, 15th Floor, New York, New York 10022.

42.    Defendant HFZ 11 Beach Street LLC is a limited liability company, organized on August 19, 2011, and existing under and by virtue of the laws of the State

of New York with its principal place of business within the State of New York located at c/o H F Z Capital Group, LLC, 600 Madison Avenue, 15th Floor, New York, New York 10022.

43.     Upon information and belief, Defendant Ziel Feldman at all relevant times, is and was a principal in Defendant H F Z Capital Group LLC.

44.     Upon information and belief, Defendant Helene Feldman at all relevant times, is and was a principal in Defendant H F Z Capital Group LLC.

45.     Upon information and belief, Defendant Adam Feldman at all relevant times, is and was a principal in Defendant H F Z Capital Group LLC.

46.     Upon information and belief, Defendant Adam Feldman was a trustee of the FELDMAN FAMILY 2007 TRUST.

**NO PERMISSION FROM THE NEW YORK STATE DEPARTMENT OF LAW, OFFICE OF THE ATTORNEY GENERAL FOR DEFENDANT ZIEL FELDMAN TO BORROW MONIES FROM LENDERS AND OFFER OPTIONS AND/OR CONTRACTS TO PURCHASE CONDOMINIUM UNITS IN THE STATE OF NEW YORK.**

47.     Defendant Ziel Feldman was the principal of sponsor of the 11 Beach Street Condominium which was accepted for filing on August 5, 2014, file number CD13-0194.

48.     Upon information and belief, Defendant Ziel Feldman was the principal of sponsor of the Halcyon Condominium,located at 305 East 51st Street, New York, New York, which was accepted for filing by the New York State Department of Law on March 22, 2013, file number CD 12-0232.

49.     Upon information and belief, Defendant Ziel Feldman was the principal of sponsor of Chatsworth Realty Corporation, 340-344 West 72nd Street, New York, New

York 10023, which was accepted for filing by the New York State Department of Law on August 22, 2014, file number C13-0004.

50.     Upon information and belief, Defendant Ziel Feldman was the principal of sponsor of the 301 West 53rd Street Condominium, located at 301 West 53rd Street, New York, New York 10019, filed by the New York State Department of Law on December 13, 2013, file number CD13-0300.

51.     Upon information and belief, Defendant Ziel Feldman was the principal of sponsor of the 235 West 15th Street Condominium, located at 235 West 75th Street, New York, New York 10023, which was accepted for filing by the New York State Department of Law on November 20, 2014, file number CD13-0262.

52.     Upon information and belief, Defendant Ziel Feldman was the principal of sponsor of the 88 Lexington Avenue Condominium, located at 88 Lexington Avenue, New York, New York 10016, which was accepted for filing by the New York State Department of Law on May 18, 2015, file number CD13-0277.

53.     Upon information and belief, Defendant Ziel Feldman was the principal of sponsor of the 90 Lexington Avenue Condominium, located at 90 Lexington Avenue, New York, New York 10016, which was accepted for filing by the New York State Department of Law on May 18, 2015, file number CD13-0276.

54.     Upon information and belief, Defendant Ziel Feldman was the principal of sponsor of the 505 West 19th Street Condominium, located at *505* West 19th Street, New York, New York 10011, which was accepted for filing by the New York State Department of Law on January 2, 2014, file number CD13-0123.

55.     Upon information and belief, Defendant Ziel Feldman was the principal of sponsor of the Bryant Park South Condominium, located at 16 West 40th Street, New York, New York 10018,   which was accepted for filing by the New York State Department of Law on September 22, 2015, file number CD14-0292.

56.     Upon information and belief, Defendant Ziel Feldman was the principal of sponsor of the Belnord Condominium, located at 2360-2376 Broadway, which was accepted for filing by the New York State Department of Law on August 18, 2017, file number CD16-0128.

57.     Upon information and belief, Defendant Ziel Feldman was the principal of sponsor of the 76 Eleventh Avenue Condominium, a/k/a the XI Condominium located at 76 Eleventh Avenue, which was accepted for filing by the New York State Department of Law on May 21, 2018, file no. CD16-0214.

58.     Upon information and belief, Defendant Ziel Feldman never disclosed to the New York State Department of Law that the sponsor of certain condominiums in which Defendant Ziel Feldman was a principal was offering options and contracts with no down payments to those who loaned monies to Defendant H F Z Capital Group LLC.

59.     Upon information and belief, Defendant Ziel Feldman was the principal of sponsor of the One Madison Park Condominium, New York State Department of Law File No. CD-06-0603.

60.     Upon information and belief, Defendant Ziel Feldman was the principal of sponsor of the Eleven East Sixty Eight Street Condominium, New York State Department of Law File No. CD-12-0071.

61.     Upon information and belief, Defendant Ziel Feldman was the principal of sponsor of the 823 Park Avenue Condominium, New York State Department of Law File No. CD-04-0385.

62.     Upon information and belief, Defendant Ziel Feldman was the principal of sponsor of the Washington Square Park Condominium, New York State Department of Law File No. CD-07-0444.

## DEFENDANTS' SOLICITATION OF LOANS AND INVESTMENTS WITHOUT REGISTERING SECURITIES WITH THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION

63.     Upon information and belief, Defendant Ziel Feldman, Defendant Helene Feldman, Defendant Adam Feldman and Defendant Feldman Family 2007 Trust, through Defendant H F Z Capital Group LLC, solicited loans from numerous individuals and entities between approximately 2013 and approximately 2020 to provided tens of millions or hundreds of millions of dollars in loans to Defendant H F Z Capital Group LLC, and never registered the sale of securities with the United States Securities and Exchange Commission.

64.     Upon information and belief, Defendant Ziel Feldman, Defendant Helene Feldman, Defendant Adam Feldman and Defendant Feldman Family 2007 Trust, through Defendant H F Z Capital Group LLC never obtained any exemptions from filing the sale of securities or the sale of notes with the United States Securities and Exchange Commission.

65.     Had Defendant Ziel Feldman, Defendant Helene Feldman, Defendant Adam Feldman and Defendant Feldman Family 2007 Trust, through Defendant H F Z

Capital Group LLC registered the sale of and/or the solicitation of investments and/or loans with the United States Securities and Exchange Commission, Plaintiff would not have suffered any damages and would not be precluded between December 21, 2020 and the present date from it use and enjoyment of the Condominium Unit.

## DEFENDANTS' SOLICITATION OF LOANS AND INVESTMENTS WITHOUT REGISTERING SECURITIES WITH THE NEW YORK STATE DEPARTMENT OF LAW

66.     Upon information and belief, between approximately January 1, 2017 to the present date, Defendant H F Z Capital Group LLC had a pattern soliciting investors to make loans to Defendant H F Z Capital Group LLC by offering notes such investors in violation of New York General Business Law §352, et.seq.,

67.     Upon information and belief, between approximately January 1, 2017 to the present date, Defendant H F Z Capital Group LLC made public offerings to individuals and entities from the State of New York of securities which constituted debentures, evidences of interest or indebtedness, and such securities consisted primarily of participation interests or investments in one or more real estate ventures, including The Shore Club in Miami, Florida, and the XI Condominium offered to private lenders, without making any filing with the New York State Department of Law, prior to such offering, a written statement or statements, to be known as an "offering statement" or "prospectus" concerning the contemplated offering which would be required to contain the information and representations required by New York General Business Law §352-e(1)(b).

68.     Upon information and belief, as part of their scheme, which defrauded Plaintiff, Defendant H F Z Capital Group LLC would borrow monies from private

lenders agreeing to pay such private lenders interest at a rate of approximately 12% per annum, which induced unsuspecting lenders.

69.     Upon information and belief, as part of their scheme, Defendant H F Z Capital Group LLC offered lenders options to purchase condominium units in the XI Condominium; the 11 Beach Street Condominium, and other condominium developments in New York State as well as in the Shore Club in Miami, Florida.

70.     On its website, www.hfzcap.com, Defendant H F Z Capital Group LLC advertises and represents that H F Z Capital Group LLC is:

"**VISION FROM SITE TO SKYLINE AND BEYOND.**

Founded in 2005 and based in Manhattan, HFZ Capital Group brings together unblinking foresight, fearless creativity and unwavering financial acumen in world class developments designed to make markets and shape cities. A successful value-generating development goes way beyond the edifice. HFZ's multifaceted organization functions seamlessly, at the highest levels, across all real estate disciplines — from underwriting to analytics, structured finance, investment, development, construction and asset management. This depth and breadth of expertise enables HFZ to capitalize on opportunities worldwide in a range of asset classes including residential, office, hotel, retail, sports and entertainment.

HFZ's residential credentials are vast and varied; encompassing acquisition, development and construction of Manhattan mixed-use residential condominiums. Recent projects range from the city's most prominent turn of the century landmarks — The Chatsworth and The Belnord — to the future of urban architecture, The Eleventh and The Bryant. As principled as it is prolific, HFZ is equally committed to restoring and preserving historic buildings and to partnering with the world's most visionary architects to create the edifices that epitomize next generation living. As a result, HFZ is presently managing

more than $10 billion worth of development, including more than 6 million square feet and 2,500 residential units throughout Manhattan."

71.     Upon information and belief,Defendant H F Z Capital Group LLC utilized the internet and its website www.hfzcap.com to promote its business and to solicit clients and/or customers, including lenders who were promised the opportunity to buy condominium units at deep discounts, never disclosed to the New York State Department of Law, Office of the Attorney General.

72.     Upon information and belief, Defendant Ziel Feldman solicited monies from private lenders to loan funds to Defendant H F Z Capital Group LLC, which were used directly and/or indirectly for the personal expenses of Defendant Ziel Feldman and his family, including Defendant Helene Feldman and Defendant Adam Feldman.

73.     Upon information and belief, Defendant H F Z Capital Group LLC, and Defendant Ziel Feldman did not obtain an exemption from registration of securities with the United States Securities and Exchange Commission, or the New York State Department of Law, for the solicitation of loans, issuance of promissory notes, and/or sale of options to purchase condominium units at approximately 50% discount from the offering prices contained in condominium offering plans.

74.     Upon information and belief, Defendant Ziel Feldman and Defendant H F Z Capital Group LLC sold securities, as defined under the regulations of the United States Securities and Exchange Commission, and to individuals and entities.

75.     Upon information and belief, Defendants did not have authority under the condominium offering plan for the 11 Beach Street Condominium, and amendments thereto filed in the Office of the New York State Department of Law to offer any persons,

including David Kim, options to purchase condominium units in the 11 Beach Street Condominium, or to provide contracts to allow David Kim to purchase the Condominium Unit without the payment of a down payment.

76.     Upon information and belief, Defendant Ziel Feldman violated the New York State Martin Act.

**PATTERN OF DECEPTIVE ACTIONS AND**
**FRAUDULENT ACTIVITY BY DEFENDANTS**

**SERGEY KOSTYANTNIKOV**

77.     Upon information and belief, on December 15, 2020, Sergey Kostyantnikov and VSK E 68 LLC (collectively hereafter referred to as "Kostyantnikov") filed a summons and complaint against Defendant H F Z Capital Group LLC, Defendant Ziel Feldman, et.al., and other entities affiliated with Defendant Ziel Feldman, in the Supreme Court of the State of New York, County of New York, Index No. 160904/2020.

78.     Upon information and belief, Kostyantnikov gave loans and made investments with Defendant Ziel Feldman and Defendant H F Z Capital Group LLC, and their related entities, in exchange for Kostyantnikov having the right, pursuant to subscription agreements and "side letters", wherein Kostyantnikov was promised an option to acquire Unit 7A and storage space, Unit 8A and Unit 8C at the condominium developed by 11 East 68th Street LLC at 814-816 Madison Avenue a/k/a 11 East 68th Street, New York, New York, known as the ELEVEN EAST SIXTY EIGHTH STREET CONDOMINIUM in which Defendant Ziel Feldman was the principal of Sponsor.

79.     Upon information and belief, Kostyantnikov sued Defendant Ziel Feldman and other defendants claiming that Defendant Ziel Feldman failed to deliver title to Units 7A, 8A or 8C at the ELEVEN EAST SIXTY EIGHTH STREET CONDOMINIUM, after Kostyantnikov provided the monies to Defendant Ziel Feldman and/or their entities that they requested.

80.     Upon information and belief, after Defendant Ziel Feldman and Defendant H F Z Capital Group LLC failed to cause the delivery of title to Units 7A, 8A or 8C at the ELEVEN EAST SIXTY EIGHTH STREET CONDOMINIUM, to Kostyantnikov, Defendant Ziel Feldman entered into a new agreement with Kostyantnikov, now under the new agreement, promising to transfer and deliver to Kostyantnikov condominium units 720 and 723 at the real property located at 235 West 75th Street, New York, New York in the 235 West 75th Street Condominium, New York State Department of Law File No. CD-13-0262.

81.     Upon information and belief, HFZ 235 75th Street Owner LLC, an entity owned by and/or controlled by Defendant Ziel Feldman, owns or owned Unit 720 in the 235 West 75th Street Condominium and had failed to pay common charges for the period March 2020 to the present date, resulting in common charge liens filed by the Board of Managers of the 235 West 75th Street Condominium against HFZ 235 75th Street Owner LLC and recorded in the Office of the New York City Register.

82.     Upon information and belief, HFZ 235 75th Street Owner LLC, an entity owned by and/or controlled by Defendant Ziel Feldman, owns Unit 723 in the 235 West 75th Street Condominium and had failed to pay common charges for the period March 2020 to the present date, resulting in common charge liens filed by the Board of

Managers of the 235 West 75th Street Condominium against HFZ 235 75th Street Owner LLC and recorded in the Office of the New York City Register.

83.     Upon information and belief, the 235 West 75th Street Condominium contains approximately 102 residential units and one retail unit.

84.     Upon information and belief, the condominium offering plan for the 235 West 75th Street Condominium expired on December 15, 2020.

85.     Upon information and belief, HFZ 235 75th Street Owner LLC, and Defendant Ziel Feldman refused to convey Unit 720 and Unit 723 in the 235 West 75th Street Condominium to Kostyantnikov, and refused to return the approximately $3,800,000 that Kostyantnikov paid to Defendant Ziel Feldman and/or Defendant H F Z Capital Group LLC and/or entities controlled by Defendant Ziel Feldman.

## ASTOR BEN SASHA LLC

86.     Upon information and belief, on November 2, 2020, Astor Ben Sasha LLC filed a summons and complaint against Defendant Ziel Feldman, and entities allegedly owned by Defendant Ziel Feldman in the Supreme Court of the State of New York, County of New York, Index No. 655894/2020.

87.     Upon information and belief, Astor Ben Sasha LLC gave loans and made investments with Defendant Ziel Feldman, and Defendant H F Z Capital Group LLC and/or their related entities, in exchange for Astor Ben Sasha LLC having the right, pursuant to subscription agreements and "side letters", wherein Astor Ben Sasha LLC was promised an option to acquire Unit 601 at the condominium developed by HFZ 235 West 75th Street Owner LLC at 235 West 75th Street, New York, New York, known as

the 235 West 75th Street Condominium in which Defendant Ziel Feldman was the principal of Sponsor.

88.     Upon information and belief, Astor Ben Sasha LLC sued Defendant Ziel Feldman and the other defendants claiming that Defendant Ziel Feldman failed to deliver title to Unit 601 in the 235 West 75th Street Condominium, after Astor Ben Sasha LLC provided the monies to Defendant Ziel Feldman and Defendant H F Z Capital Group LLC and/or their entities that they requested.

89.     According to the complaint filed by Astor Ben Sasha LLC, closing to title to Unit 601 in the 235 West 75th Street Condominium to Astor Ben Sasha LLC was to occur prior to December 31, 2019 and failed to do so.

**DHRUV PIPLANI**

90.     Upon information and belief, in or about 2018, Dhruv Piplani ("Piplani") or an entity controlled by him gave a loan in the amount of approximately $5,000,000 to Defendant H F Z Capital Group LLC and/or Defendant Ziel Feldman or entities affiliated with Defendant Ziel Feldman.

91.     Upon information and belief, Piplani gave loans to Defendant Ziel Feldman, and/or Defendant H F Z Capital Group LLC, and their related entities, in exchange for Piplani having the right, pursuant to agreements and/or "side letters", wherein Piplani was promised by Defendant Ziel Feldman, and/or Defendant H F Z Capital Group LLC, and their related entities, an option to acquire Unit 7B in the 11 Beach Street Condominium, located at 11 Beach Street, New York, New York, known as the 11 BEACH STREET CONDOMINIUM in which Defendant Ziel Feldman was the principal of Sponsor.

92.     Upon information and belief, Defendant Ziel Feldman refused to have HFZ 11 Beach Street LLC convey title to Piplani for Unit 7B in the 11 Beach Street Condominium.

93.     Upon information and belief, after Piplani engaged a law firm to cause the delivery of Unit 7B in the 11 Beach Street Condominium to Piplani or his assigns, HFZ 11 Beach Street LLC conveyed title to Tribeca Beach 7B LLC, an entity owned by and/or controlled by Piplani on December 7, 2020.

94.     Upon information and belief, while Defendant Ziel Feldman as principal of the sponsor was marketing the condominium units at the 11 Beach Street Condominium for sale, Defendant Ziel Feldman and his related entity HFZ 11 Beach Street LLC failed to pay common charges and failed to pay real estate taxes due for the certain unsold condominium units and failed to disclose same to the New York State Department of Law.

95.     Upon information and belief, while Defendant Ziel Feldman and his entity HFZ 11 Beach Street LLC stated in amendments to the condominium offering plan for the 11 Beach Street Condominium that all of sponsor's obligations were current, such statements were knowingly false made by Defendant Ziel Feldman as principal of Sponsor, when the real estate taxes amounting to in excess of $1,000,000 had been unpaid for the tax years 2017/2018, 2018/2019, 2019/2020 and 2020/2021 for Unit 7B and other condominium units in the 11 Beach Street Condominium.

## YH LEX ESTATES LLC

96.     Upon information and belief, on November 3, 2020, YH Lex Estates LLC filed a summons and motion for summary judgment in lieu of complaint against Defendant H F Z Capital Group LLC, Defendant Ziel Feldman and others in the Supreme Court of the State of New York, County of New York, Index No. 655980/2020 (the "YH Lex Estates LLC Action").

97.     Upon information and belief, YH Lex Estates LLC gave loans totaling $20,050,000 to Defendant H F Z Capital Group LLC between May 15, 2017 and May 3, 2019 pursuant to a series of promissory notes, "to help fund HFZ's real estate project on the Upper East Side of Manhattan" (Complaint in YH Lex Estates LLC Action, paragraph "5").

98.     Defendant H F Z Capital Group LLC defaulted on the debt and the debt to YH Lex Estates LLC was rescheduled in an amended promissory note in the amount of $18,399,370.10.

99.     As part of a pattern of borrowing, Defendant H F Z Capital Group LLC agreed in an amended promissory note to pay YH Lex Estates LLC from "Distributions from the East 79th Street and Lexington Avenue Assemblage. Any dividends, distributions and proceeds of any kind in connection with that certain real estate project known as the '79th street and Lexington Avenue Assemblage,' consisting of properties located at (i) 1135 Lexington Avenue, New York, NY, (ii) 154 East 79th street, New York, NY, (iii) 152 East 79th Street, New York, NY, (iv) 1131 Lexington Avenue, New York, NY, (v) 150 East 79th Street, New York, NY and (vi) 1133 Lexington Avenue, New York, NY (collectively the 'Properties') (whether out of cash flow, sale or refinance

proceeds or otherwise) (collectively, 'Distributions') received, from time to time, by Borrower or any of its affiliates, directly or indirectly, from any entity or entities in which Borrower or any of its affiliates has a direct or indirect interest (such entities shall be referred to herein as the 'Entities') to the extent such proceeds are not paid to any lender or lenders that encumbers the Properties or any interest therein, shall be paid to Lender hereunder as a mandatory prepayment of the indebtedness evidenced by this Amended Promissory Note. Borrower shall direct each of the Entities to make such payments directly to Lender on behalf of Borrower and upon request shall provide Lender with a signed acknowledgement from the Entities regarding such direction."

100.    Upon information and belief, Defendant H F Z Capital Group LLC failed to repay YH Lex Estates LLC the amounts owed for loan principal and interest in an amount of approximately $18,000,000.

101.    Upon information and belief, Defendant Ziel Feldman guaranteed the payment of the loan principal and interest to YH Lex Estates LLC signed on November 27, 2019 and notarized by Saul Ritter, upon information and belief, Controller at HFZ Property Management, an affiliate of Defendant H F Z Capital Group LLC.

102.    Upon information and belief, Defendant Ziel Feldman further guaranteed the payment of the loan principal and interest to YH Lex Estates LLC signed on July 17, 2020 and notarized by Saul Ritter.

**OTHER LAWSUITS AGAINST HFZ AND THEIR PRINCIPALS, DEFENDANT ZIEL FELDMAN AS PART OF THE FRAUDULENT SCHEME AND RACKETEERING ACTIVITY OF AND BY DEFENDANT ZIEL FELDMAN**

103.   Upon information and belief, Defendant Ziel Feldman has engaged in a pattern of activity to conceal the contents of lawsuits against him and his companies, from others who may have claims against Defendant Ziel Feldman and his companies for the frauds that they have been perpetrating.

104.   Upon information and belief, Defendant Ziel Feldman is using and improperly requesting that his attorneys file a form with the Supreme Court and/or County Clerk's offices requesting that the Complaints against Defendant Ziel Feldman be sealed and/or restricted, upon information and belief, so that the scheme perpetrated by Defendant Ziel Feldman can continue.

105.   On October 19, 2020, three days after the issuance by the New York County Clerk of the index number in the action entitled Monroe Capital Management Advisors LLC v. H F Z Capital Group LLC, Ziel Feldman, Helene S. Feldman, and the Feldman Family 2007 Trust, in the Supreme Court of the State of New York, County of New York, Index No. 655370/2020, and again on November 12, 2020, Y. David Scharf, Esq. of Morrison Cohen LLP filed a "Request for Restricted Status" with the New York County Clerk's Office stating that the summons and notice of motion for summary judgment in lieu of complaint, and exhibits "contains confidential information, including but not limited to trade secrets, information protected by a confidentiality agreement, or personal confidential information (also known as 'CPI') as defined by court rule...".

106.   Upon information and belief, there is no good faith basis for seeking the restricted status for the complaint in the action entitled Monroe Capital Management

Advisors LLC v. H F Z Capital Group LLC, Ziel Feldman, Helene S. Feldman, and the
Feldman Family 2007 Trust, in the Supreme Court of the State of New York, County of
New York, Index No. 655370/2020.

107.    Upon information and belief, Defendant H F Z Capital Group LLC,
Defendant Ziel Feldman and his wife Helene S. Feldman and the Feldman Family 2007
Trust were so concerned with preventing the documents in the Monroe Capital
Management Advisors LLC v. H F Z Capital Group LLC, Ziel Feldman, Helene S.
Feldman, and the Feldman Family 2007 Trust action from becoming public, that on
October 23, 2020, Defendant H F Z Capital Group LLC, Defendant Ziel Feldman and his
wife Helene S. Feldman and the Feldman Family 2007 Trust cause their attorneys to file
a proposed order to show cause to permanently seal certain documents in the Monroe
Capital Management Advisors LLC v. H F Z Capital Group LLC, Ziel Feldman, Helene
S. Feldman, and the Feldman Family 2007 Trust action.

108.    On November 12, 2020, the same day that the index number was issued in
the action entitled Board of Managers of the Halcyon Condominium against HFZ 235
West 75th Street Owner LLC, Ziel Feldman, and others, in the Supreme Court of the State
of New York, County of New York, Index No. 656177/2020, Y. David Scharf, Esq. of
Morrison Cohen LLP filed a "Request for Restricted Status" with the New York County
Clerk's Office stating that the complaint "contains confidential information, including but
not limited to trade secrets, information protected by a confidentiality agreement, or
personal confidential information (also known as 'CPI') as defined by court rule…".

109.    Upon information and belief, there is no good faith basis for seeking the
restricted status for the complaint in the action entitled Board of Managers of the Halcyon

Condominium against HFZ 235 West 75th Street Owner LLC, Ziel Feldman, and others, in the Supreme Court of the State of New York, County of New York, Index No. 656177/2020.

110.    On November 4, 2020, in the action entitled Astor Ben Sasha LLC v Defendant Ziel Feldman, et.al., including allegedly entities owned by Defendant Ziel Feldman in the Supreme Court of the State of New York, County of New York, Index No. 655894/2020, Y. David Scharf, Esq. of Morrison Cohen LLP filed a "Request for Restricted Status" with the New York County Clerk's Office stating that the complaint and exhibits "contains confidential information, including but not limited to trade secrets, information protected by a confidentiality agreement, or personal confidential information (also known as 'CPI') as defined by court rule…".

111.    On November 13, 2020, in the action entitled Astor Ben Sasha LLC v Defendant Ziel Feldman, and other entities allegedly owned by Defendant Ziel Feldman in the Supreme Court of the State of New York, County of New York, Index No. 655894/2020, Jay R. Speyer, Esq. of Morrison Cohen LLP filed a "Request for Restricted Status" with the New York County Clerk's Office stating that the amended complaint and exhibits "contains confidential information, including but not limited to trade secrets, information protected by a confidentiality agreement, or personal confidential information (also known as 'CPI') as defined by court rule…".

112.    Upon information and belief, there is no good faith basis for seeking the restricted status for the complaint or amended complaint and exhibits in the action entitled Astor Ben Sasha LLC v Defendant Ziel Feldman, et.al. in the Supreme Court of

the State of New York, County of New York, Index No. 655894/2020, which only precluded serious allegations against Defendants from being revealed in public records.

113.    On November 5, 2020, in the action entitled <u>YH Lex Estates LLC   v.</u> <u>Defendant H F Z Capital Group LLC, Defendant Ziel Feldman et.al.</u> in the Supreme Court of the State of New York, County of New York, Index No. 655980/2020, Jay R. Speyer, Esq. of Morrison Cohen LLP filed a "Request for Restricted Status" with the New York County Clerk's Office stating that the motion for summary judgment in lieu of complaint and exhibits "contains confidential information, including but not limited to trade secrets, information protected by a confidentiality agreement, or personal confidential information (also known as 'CPI') as defined by court rule…".

114.    On November 12, 2020, the Board of Managers of the 235 West 75th Street Condominium commenced an against HFZ 235 West 75th Street Owner LLC, Ziel Feldman, and others, in the Supreme Court of the State of New York, Index No. 656237/2020, seeking $10,000,000 alleging *inter alia,* fraud and fraudulent conveyances in connection with the construction, sale, marketing, management and operation of the residential condominium located at 235 West 75th Street, New York, New York.

115.    On November 12, 2020, the Board of Managers of the Halcyon Condominium commenced an against HFZ 235 West 75th Street Owner LLC, Ziel Feldman, and others, in the Supreme Court of the State of New York, Index No. 656177/2020, seeking $10,000,000 alleging *inter alia,* negligent misrepresentation, unjust enrichment, violation of the Interstate Land Sales Full Disclosure Act – 15 U.S.C. §1703(a)(2), fraud, fraudulent conveyances, budget mismanagement, failure to delivery the property free of outstanding liens, in connection with the construction, sale,

marketing, management and operation of the residential condominium located at 301 East 51st Street, New York, New York.

116.    On April 6, 2021, BSDT 11th Av LLC commenced an action by motion for summary judgment in lieu of a complaint, against Defendant H F Z Capital Group LLC and Defendant Ziel Feldman in Supreme Court of the State of New York, County of New York, Index No. 652247/2021, alleging that BSDT 11th Av LLC made loans to Defendant H F Z Capital Group LLC in the amount of $25,751,493.15 and that such loans remain unpaid.

117.    On March 3, 2021, Raphael Rebhan, Adv. commenced an action against Defendant H F Z Capital Group LLC and Defendant Ziel Feldman in Supreme Court of the State of New York, County of New York, Index No. 651542/2021, alleging that Raphael Rebhan, Adv. made loans to Defendant H F Z Capital Group LLC in the amount of $11,000,000 and that such loans remain unpaid.

118.    On March 3, 2021, GCE Belnord Corp. commenced an action against Defendant H F Z Capital Group LLC and Defendant Ziel Feldman and others in Supreme Court of the State of New York, County of New York, Index No. 651312/2021, alleging that GCE Belnord Corp. is due approximately $9,971,898 from the defendants in such action.

**COUNT ONE**
**CONSPIRACY TO COMMIT FRAUD**
**(AGAINST DEFENDANT H F Z CAPITAL GROUP LLC,**
**DEFENDANT ZIEL FELDMAN (PIERCING THE CORPORATE VEIL),**
**DEFENDANT HELENE FELDMAN (PIERCING THE CORPORATE VEIL),**
**AND DEFENDANT ADAM FELDMAN (PIERCING THE CORPORATE VEIL))**

119.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "118" of this complaint, with the same force and effect as if more fully set forth at length herein.

120.    Upon information and belief, Defendant H F Z Capital Group LLC and Defendant Ziel Feldman perpetrated a fraud on Plaintiff as set forth herein.

121.    Defendants maintained a corrupt enterprise in which they knowingly misrepresented to individual lenders and entities that lenders could acquire condominium units in the various projects in which Defendant Ziel Feldman was the principal of sponsor.

122.    Upon information and belief, Defendant H F Z Capital Group LLC and Defendant Ziel Feldman participated in multiple meetings to discuss the schemes to solicit and receive tens of millions of dollars in loans from individual and/or entities which monies were paid to Defendant H F Z Capital Group LLC and their affiliates, giving rise to the inference of a conscious, corrupt agreements provided by Defendants with third parties.

123.    Upon information and belief, Defendants had actual or constructive knowledge of the fraud, as set forth above.

124.    Upon information and belief, Defendant H F Z Capital Group LLC, Defendant Ziel Feldman, Defendant Helene Feldman and Defendant Adam Feldman

28

committed overt acts in furtherance of the conspiracy by, *inter alia*, Defendant Ziel Feldman acting as the principal of the Sponsor of the 11 Beach Street Condominium, and signing documents transmitted to Plaintiff on behalf of Defendant HFZ 11 Beach Street LLC.

125.    Defendant H F Z Capital Group LLC and Defendant Ziel Feldman committed overt acts in furtherance of the conspiracy by, *inter alia*, by their entering into numerous option agreements and agreements with individuals and entities to purport to promise to convey condominium units in condominium projects in New York City, without disclosing that Defendant H F Z Capital Group LLC and Defendant Ziel Feldman were highly leveraged and that Defendant H F Z Capital Group LLC and Defendant Ziel Feldman were borrowing monies from multiple sources, without disclosing that fact from innocent private lenders.

126.    Had Defendant H F Z Capital Group LLC and Defendant Ziel Feldman disclosed that it was borrowing monies from individuals and entities, including David Kim, Plaintiff would not have suffered injuries.

127.    In reliance on Defendant Ziel Feldman's signing of the Deed and other documents, Plaintiff was damaged in the amount of approximately $4,600,000 plus, interest, costs, attorneys fees.

128.    Because Defendant H F Z Capital Group LLC and Defendant Ziel Feldman engaged in the conspiracy to commit fraud stated in this complaint willfully and maliciously, and with the intent to damage Plaintiff, Plaintiff is entitled to an award of punitive damages.

129.     By reason of the foregoing, Plaintiff has been damaged in the sum to be determined at trial, but anticipated to be no less than $4,600,000, plus punitive damages, attorneys' fees, costs, expenses and disbursements.

**COUNT TWO**
**RACKETEERING IN VIOLATION OF 18 U.S.C. §1962(C)**
**RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT**
**(AGAINST DEFENDANT H F Z CAPITAL GROUP LLC,**
**DEFENDANT ZIEL FELDMAN)**

130.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "129" of this complaint, with the same force and effect as if more fully set forth at length herein.

131.     The association of Defendant H F Z Capital Group LLC, Defendant Ziel Feldman, Defendant Helene Feldman and Defendant Adam Feldman and other undisclosed individuals constituted an enterprise within the meaning of 18 U.S.C. § 1961(c) (the "Enterprise"), which enterprise was engaged in, and whose activities affected, interstate and foreign commerce.

132.     The Enterprise was continuous in that it lasted for more than two years, had an ascertainable structure, and acted in ways distinct from the predicate offenses alleged by Plaintiff.

133.     The Enterprise was continuous for the additional reason that the predicate acts were a regular way of conducting Defendant H F Z Capital Group LLC's ongoing business and of conducting or participating in the ongoing Racketeering Influenced and Corrupt Organizations Act ("RICO") enterprise.

134.    Defendant H F Z Capital Group LLC, Defendant Ziel Feldman, Defendant Helene Feldman and Defendant Adam Feldman and other undisclosed are persons within the meaning of 18U.S.C. § 1961(3) and separate from the enterprise.

135.    Defendant H F Z Capital Group LLC, Defendant Ziel Feldman, Defendant Helene Feldman and Defendant Adam Feldman's scienter is established by the pattern of intentional and knowing fraudulent, material misrepresentations and omissions described above.

**Mail Fraud (Violations of 18 U.S.C. §1341), Wire Fraud (18 U.S.C. §1343), Relating to Financial Institution Fraud (18 U.S.C. §1344)**

136.    Defendant H F Z Capital Group LLC, Defendant Ziel Feldman, Defendant Helene Feldman and Defendant Adam Feldman and other undisclosed and other members of the enterprise, having devised a scheme or artifice to defraud, and/or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmitted or caused to be transmitted by means of mail and wire communication in interstate or foreign commerce writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice and by means of making representations to lenders which were untrue by failing to disclose secondary financing (namely, to borrow monies from individuals and entities and promising to repay the monies with condominium units at the XI Condominium, the 235 West 75th Street Condominium Condominium, the Eleven East Sixty Eighth Street Condominium, the 11 Beach Street Condominium, and promising to give lenders interests in the South Club and borrowing funds from Talos and Banco Inbursa, S.A. without disclosing that Defendants were borrowing funds from third parties as equity contributions).

137.    Each participant knew, expected, reasonably foresaw, and intended that these communications by mails and wires in interstate commerce would be used in furtherance of the racketeering scheme and that such use was an essential part of the scheme.

138.    Defendant H F Z Capital Group LLC, Defendant Ziel Feldman, Defendant Helene Feldman and Defendant Adam Feldman and other undisclosed willfully and with intent to defraud, promised options to individuals including David Kim, to purchase condominium units in various condominium projects, including in the 11 Beach Street Condominium.

139.    Plaintiff and other victims relied upon Defendant Ziel Feldman misrepresentations, and such reliance was reasonable, as discussed above.

140.    Plaintiff and other victims were injured by Defendant Ziel Feldman and Defendant H F Z Capital Group LLC's fraudulent conduct, as discussed above.

**Pattern of Racketeering Activity**

141.    The aforesaid acts had the same or similar purposes, results, participants, victims, and/or methods of commission, and were otherwise interrelated by distinguishing characteristics and were not isolated events. Defendant Ziel Feldman and Defendant H F Z Capital Group LLC engaged in a pattern of racketeering activity from at least upon information and belief, 2013 and continuing at least through December 2020, if not longer, to borrow money from numerous individuals and entities, promise to deliver condominium units at approximately 50% discounts from the offering prices set forth in condominium offering plans, and conceal the fact that Defendant Ziel Feldman and/or Defendant H F Z Capital Group LLC were borrowing monies for development

projects, and using the borrowed funds as the equity required by their lenders. That pattern included multiple predicate acts of mail and wire fraud.

142.    The racketeering acts identified above were (a) in furtherance of a common goal, including the goal of Defendant Ziel Feldman and Defendant H F Z Capital Group LLC profiting by inducing individuals and entities to loan money to Defendant H F Z Capital Group LLC and their affiliates with the promise that the such lenders could buy condominium units in New York City at 50% discounts from the prices set forth in the offering plan, borrowing monies from third party individuals and entities and using the borrowed funds as equity for development projects upon information and belief in contravention of loan agreements; (b) used similar methods to perpetrate the frauds, including the promise that the such lenders could buy condominium units in New York City at 50% discounts from the prices set forth in the offering plan; (c) had similar participants; and (d) had similar victims.

143.    The acts of racketeering activity discussed above extended over a substantial period of time beginning around 2013 and continued until at least December 2020. These acts were a regular way of conducting defendants' ongoing business and of conducting or participating in the ongoing RICO enterprise. They were a critical means of supporting Defendant Ziel Feldman, Defendant Helene Feldman, Defendant Adam Feldman and Defendant H F Z Capital Group LLC's business and were sufficiently continuous to form a pattern of racketeering activity.

144.    Defendant Ziel Feldman and Defendant H F Z Capital Group LLC participated in the scheme through themselves and as well as at least some of the other defendants themselves. Defendant Ziel Feldman and Defendant H F Z Capital Group

LLC benefitted enormously from the profits and/or loan funds that they received from victims from the scheme, which included Plaintiff.

145.     Each Defendant H F Z Capital Group LLC, Defendant Ziel Feldman, Defendant Helene Feldman and Defendant Adam Feldman's participation was critical to the racketeering scheme. Upon information and belief, Defendant H F Z Capital Group LLC, Defendant Ziel Feldman, Defendant Helene Feldman and Defendant Adam Feldman enabled, conducted, maintained, aided, abetted, and profited from the racketeering scheme as detailed above.

146.     The precise role each defendant played, is known only to defendants at this time. Such information, and evidence concerning their participation, is exclusively within the possession and knowledge of defendants.

147.     Plaintiff has been injured in its business or property by reason of defendants' violations of 18 U.S.C. § 1962(c). As a direct and proximate result of these violations, Plaintiff has has been damaged in the sum in an amount to be determined at trial but anticipated to be approximately $4,600,000 plus interest to the date of this complaint.

148.     By reason of this violation of 18 U.S.C. § 1962(c), Plaintiff is entitled to recover from defendants treble damages, pre-judgment and post-judgment interest, costs, and attorneys' fees.

**COUNT THREE**
**RACKETEERING IN VIOLATION OF 18 U.S.C. §1962(d)**
**RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT**
**(AGAINST DEFENDANT H F Z CAPITAL GROUP LLC,**
**DEFENDANT ZIEL FELDMAN, DEFENDANT HELENE FELDMAN,**
**DEFENDANT ADAM FELDMAN)**

149.    Plaintiff repeats, reiterates and realleges each and every allegation
contained in paragraphs "1" through "148" of this complaint, with the same force and
effect as if more fully set forth at length herein.

150.    In violation of 18 U.S.C. § 1962(d), Defendant H F Z Capital Group LLC,
Defendant Ziel Feldman, Defendant Helene Feldman and Defendant Adam Feldman and
others whose identities are known only to defendants at this time conspired to violate the
provisions of 18 U.S.C. § 1962(c) in that, beginning no later than 2013 and continuing
through at least December 2020, they knowingly agreed and conspired together and with
others to conduct or participate, directly or indirectly, in the affairs of an enterprise
through the pattern of racketeering activity described above. The sophisticated frauds that
were perpetrated and the continuance of this scheme could not have occurred without the
consent and knowing connivance of Defendant H F Z Capital Group LLC, Defendant
Ziel Feldman, Defendant Helene Feldman and Defendant Adam Feldman, other
defendants and other conspirators.

151.    As part of and in furtherance of their conspiracy, Upon information and
belief, Defendant H F Z Capital Group LLC, Defendant Ziel Feldman, Defendant Helene
Feldman and Defendant Adam Feldman, agreed to and conspired in the commission of
the many predicate acts described above, with the knowledge that they were in
furtherance of that pattern of racketeering activity. As part of and in furtherance of their

conspiracy, each of the defendants, Defendant H F Z Capital Group LLC, Defendant Ziel Feldman, Defendant Helene Feldman and Defendant Adam Feldman agreed to and did commit at least two predicate acts of racketeering. Further, each defendant's actions are attributable to the other defendants.

152.    None of defendants have withdrawn, or otherwise dissociated themselves, from the conspiracy at issue or the other conspirators.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment awarding Plaintiff:

A.    Compensatory damages in an amount to be determined at trial, but not less than $4,600,000, plus interest, costs, disbursements and attorneys' fees;

B.    Punitive damages in an amount to be determined at trial on Plaintiff's Count One, Count Two and Count Three, as a result of defendants' willful and intentional tortious misconduct;

C.    Treble damages under 18 U.S.C. § 1962(c) and (d);

D.    Costs, expenses, disbursements, and reasonable attorneys' fees in an amount to be awarded at trial; and

E.      Such other relief as the Court deems just and proper.

Date: April 26, 2021

/ GARY ROSEN /

_____
Gary Rosen, Esq. (GR-8007)_
Rosen Law LLC
Attorneys for Plaintiff Unit 3B 11 Beach LLC
216 Lakeville Road,
Great Neck, New York 11020
516-437-3400
Fax 516-334-3000
Email: grosen@rosenlawllc.com

# EXHIBIT "1"

## HFZ CAPITAL GROUP, LLC

January ___, 2016

Mr. David Kim

Re: Investment with HFZ Capital Group LLC

Dear Mr. David Kim:

Previously, David Kim ("Investor") entered into three letter agreements with HFZ Capital Group, LLC. The first letter agreement ("Letter Agreement One") was dated March 26, 2013 and related to a loan in the amount of $500,000 ("Loan One") in connection with the development of real estate located at 11 Beach Street, New York, NY (the "Beach Street Property"). The second letter agreement ("Letter Agreement Two") was dated August 12, 2013 and related to a loan in the amount of $500,000 ("Loan Two") in connection with the development of real estate known as the Westbrook Portfolio, located in New York, NY (the "Westbrook Property"). The third letter agreement ("Letter Agreement Three", and together with Letter Agreement One and Letter Agreement Two, the "Prior Letter Agreements") was dated December 28, 2012 and related to a loan in the amount of $525,000 ("Loan Three") in connection with the development of real estate located at 340-344 West 72nd Street, New York, NY (the "Chatsworth Property"). The Loans were each evidenced by a note (the "Beach Street Note", the "Westbrook Note", and the "Chatsworth Note", respectively) dated the date of the respective Letter Agreement.

This letter agreement ("Letter Agreement Four") is being entered into by HFZ and Investor in connection with an additional advance by Investor on February 15, 2015 in the amount of $1,213,760 ("Loan Four" and together with Loan One, Loan Two and Loan Three the "Original Loans"). Loan Four is evidenced by a Note dated as of February 15, 2015 (the "Loan Four Note" and together with the Beach Street Note, the Westbrook Note and the Chatsworth Note the "Original Notes"). as of the date hereof (i) Loan One, Loan Two, Loan Three and Loan Four will be consolidated into a single loan in the principal amount of $2,738,760 (the "Consolidated Loan") and (ii) the Consolidated Loan shall be exchanged by Investor for the Closing Credit (defined below) against the Purchase Price (defined below) of Unit 3B (consisting of approximately 2,361 square feet) located at the Beach Street Property (the "Unit") in accordance with the terms hereof. In furtherance of the foregoing, the HFZ and Investor agree as follows:

1.      Simultaneously with the execution hereof, HFZ caused HFZ 11 Beach Street LLC, a Delaware limited liability company indirectly controlled by HFZ (the "Sponsor"), to enter into a contract with Investor for the purchase of the Unit (the "Contract") by Investor substantially in the form attached to the Offering Plan at a price equal to the purchase price with a closing date within 90 days of repayment of all debt secured by direct or indirect interests in the Property or the Sponsor (the "Closing Date"). At the Closing, (i) HFZ shall cause the payment of the difference between the Closing Credit (as defined below) plus the Balance (as defined below) and the purchase price stated in the Contract, (ii) HFZ shall cause Investor to

receive a credit against the Purchase Price in the amount of Consolidated Loan (the "Closing Credit") and (iii) Investor shall pay $644,690.00 (the "Balance").

2.    Except to the extent adjourned by Investor as set forth in Paragraph 3 below, if the Closing fails to occur by the Closing Date other than by reason of Investor failing to pay the Balance as required by the Contract, then Investor shall have the right to demand immediate repayment of the Consolidated Loan plus interest thereon from the date hereof at 10% per year. If HFZ fails to deliver the Closing Credit at the Closing, then the Consolidated Loan plus interest thereon from the date hereof at 10% per year shall due and payable within 60 days of the Closing.

3.    If Investor defaults on its obligations hereunder or under the Contract in any material respect, other than the obligation to pay the Balance at the Closing, HFZ shall provide Investor with a written notice specifying in reasonable detail the nature of the default and Investor shall have sixty (60) days from the date of such notice to cure such default. If Investor fails to cure such default within such sixty (60) day period, or if Investor shall fail to pay the Balance at Closing subject to Investor's right to adjourn the Closing from time to time by written notice to HFZ (but in the aggregate not more than forty-five (45) days), it shall constitute an "Investor Event of Default" hereunder, in which case the Sponsor shall have the right to terminate the Contract for so long as the Investor Event of Default shall be continuing by written notice to Investor, in which case an amount equal to the Original Loans, shall be paid by HFZ no later than sixty (60) days following the termination of the Contract by Sponsor. If the Original Loans are not repaid within the sixty (60) day period set out above, default interest shall accrue from and after the 61st day at a rate of twenty-four percent (24%) per annum until repaid in full.

4.    Investor may assign its rights hereunder and under the Contract only with the express written consent of HFZ, which shall be granted or withheld in HFZ's sole but reasonable judgment, provided that HFZ's refusal to grant its consent shall conclusively be deemed reasonable if HFZ determines in its sole and absolute discretion that the assignment of Investor's rights would (i) interfere with or impair in any manner HFZ's sales and marketing efforts with respect to any unsold unit at the Beach Street Property, (ii) would subject HFZ to greater legal liability than HFZ would be subject to but for an assignment of Investor's rights, or (iii) would subject HFZ to any increased costs and expenses in connection with this Agreement or the Contract (unless Investor agrees to pay such increased costs and expenses). For the avoidance of doubt, HFZ may refuse its consent to any assignment proposed by Investor on any other reasonable basis not specifically enumerated in the immediately preceding sentence. HFZ shall have no liability for money damages in the event that HFZ's refusal of its consent to an assignment is subsequently found to be in violation of this Section, it being acknowledged and agreed that Investor's sole and exclusive remedy shall be injunctive relief. In addition, if HFZ's refusal is found not to be in violation of this Section, Investor shall be liable for all of HFZ's costs and expenses in connection with defending any such claim including but not limited to reasonable attorney's fees.

5.    This Agreement shall be governed by and construed in accordance with the laws of the State of New York (without regard to conflict of law principles).